**Jaspan Schlesinger LLP**
300 Garden City Plaza
Garden City, New York 11530
Telephone: (516) 746-8000
Fax: (516) 393-8282
Steven R. Schlesinger
e-mail: sschlesinger@jaspanllp.com

*Attorneys for Amy J. Luria and*
*Amy Luria Partners LLC*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SECURITIES INVESTOR PROTECTION
CORPORATION,

                    Plaintiff,                           Adv. Pro. No. 08-01789 (BRL)

          v.                                  SIPA Liquidation

BERNARD L. MADOFF INVESTMENT        (Substantively Consolidated)
SECURITIES LLC,

                    Defendant.
-------------------------------------------------------------X
IN RE:

BERNARD L. MADOFF,

                    Debtor.
-------------------------------------------------------------X
IRVING H. PICARD, Trustee for the Liquidation
of Bernard L. Madoff Investment Securities LLC,

                    Plaintiff,                           Adv. Pro. No. 10-03222 (BRL)

          v.

AMY J. LURIA and AMY LURIA PARTNERS LLC,

                    Defendants,
-------------------------------------------------------------X

<u>**ANSWER**</u>

Defendants, AMY J. LURIA ("Amy Luria") and AMY LURIA PARTNERS LLC ("AL Partners," and together with Amy Luria, "Defendants") by their attorneys, Jaspan Schlesinger LLP, as and for their answer with counterclaim to the Compliant, dated April 20, 2010 (the "Complaint") of Plaintiff, IRVING PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC (the "Trustee") state as follows:

## NATURE OF PROCEEDING

1.      Deny the truth of the allegations contained in paragraph "1" of the Complaint.

2.      Deny the truth of the allegations contained in paragraph "2" of the Complaint.

3.      Deny the truth of the allegations contained in paragraph "3" of the Complaint.

4.      Deny the truth of the allegations contained in paragraph "4" of the Complaint.

5.      Deny the truth of the allegations contained in paragraph "5" of the Complaint, except admit that Defendant Amy Luria commenced an action against HSBC Bank USA, N.A., in the Supreme Court of the State of New York, County of Nassau, under Index Number 09-025673 (the "HSBC Action").

6.      Deny the truth of the allegations contained in paragraph "6" of the Complaint.

7.      Deny the truth of the allegations contained in paragraph "7" of the Complaint.

8.      Deny the truth of the allegations contained in paragraph "8" of the Complaint.

## JURISDICTION AND VENUE

9.      With respect to paragraph "9" of the Complaint, Defendants neither admit nor deny the allegations contained therein, as the allegations call for a legal conclusion to which no response is necessary.

10.	With respect to paragraph "10" of the Complaint, Defendants neither admit nor deny the allegations contained therein, as the allegations call for a legal conclusion to which no response is necessary.

11.	With respect to paragraph "11" of the Complaint, Defendants neither admit nor deny the allegations contained therein, as the allegations call for a legal conclusion to which no response is necessary.

## DEFENDANTS

12.	Deny the truth of the allegations contained in paragraph "12" of the Complaint, except admit that Defendant Amy Luria resides at 5 Colby Road, Port Washington, New York 11050 and account number 1-L0079 was opened in her name and closed prior to December 11, 2008.

13.	Deny the truth of the allegations contained in paragraph "13" of the Complaint, except admit that Defendant AL Partners has an address at 5 Colby Road, Port Washington, New York 11050 and account number 1-L0323 was opened in the name of AL Partners by Bernard Madoff ("Madoff") and Peter Madoff ("P. Madoff" and together with Madoff, the "Madoffs") pursuant as trustees of the Trust Under Article IX of the Will of Gladys C. Luria f/b/o Amy Luria (the "Amy Luria Trust") created under the Last Will and Testament of Gladys C. Luria, dated April 4, 2005 (the "G. Luria Will").

14.	Deny the truth of the allegations contained in paragraph "14" of the Complaint, except admit that Amy Luria has the sole beneficial interest in the entity AL Partners.

## BACKGROUND, THE TRUSTEE AND STANDING

15.	Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25.     Deny the truth of the allegations contained in paragraph "25" of the Complaint.

## THE FRAUDULENT PONZI SCHEME

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

29.     Deny the truth of the allegations contained in paragraph "29" of the Complaint.

30.     Deny the truth of the allegations contained in paragraph "30" of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint, except deny that the Defendants were "enriched".

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34.      Deny the truth of the allegations contained in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

## THE AMY LURIA DIRECT TRANSFERS

40.     Deny the truth of the allegations contained in paragraph "40" of the Complaint upon information and belief.

41.     Deny the truth of the allegations contained in paragraph "41" of the Complaint.

42.     Deny the truth of the allegations contained in paragraph "42" of the Complaint.

43.     Deny the truth of the allegations contained in paragraph "43" of the Complaint.

44.     Deny the truth of the allegations contained in paragraph "44" of the Complaint.

45.     Deny the truth of the allegations contained in paragraph "45" of the Complaint.

## THE AL PARTNERS DIRECT TRANSFERS

46.     Deny the truth of the allegations contained in paragraph "46" of the Complaint.

47.     Deny the truth of the allegations contained in paragraph "47" of the Complaint.

48.     Deny the truth of the allegations contained in paragraph "48" of the Complaint.

49.     Deny the truth of the allegations contained in paragraph "49" of the Complaint.

## AMY LURIA'S RECEIPT OF FICTITIOUS PROFITS
## AS A SUBSEQUENT TRANSFEREE

50.     Deny the truth of the allegations contained in paragraph "50" of the Complaint, except admit that Gladys Luria ("G. Luria") had accounts with Bernard Madoff Investment Securities LLC ("BLMIS") and Madoff as executor of the estate of G. Luria, pursuant to the G. Luria (the "G. Luria Estate") opened account number 1-L0121 as the account for the G. Luria Estate.

51.     Deny the truth of the allegations contained in paragraph "51" of the Complaint.

52.     Deny the truth of the allegations contained in paragraph "52" of the Complaint.

53.     Deny the truth of the allegations contained in paragraph "53" of the Complaint.

54.     Deny the truth of the allegations contained in paragraph "54" of the Complaint.

55.     Deny the truth of the allegations contained in paragraph "55" of the Complaint.

56.     Deny the truth of the allegations contained in paragraph "56" of the Complaint.

57.     Deny the truth of the allegations contained in paragraph "57" of the Complaint.

58.     Deny the truth of the allegations contained in paragraph "58" of the Complaint.

59.     Deny the truth of the allegations contained in paragraph "59" of the Complaint.

60.     Deny the truth of the allegations contained in paragraph "60" of the Complaint.

61.     Deny the truth of the allegations contained in paragraph "61" of the Complaint.

62.     Deny the truth of the allegations contained in paragraph "62" of the Complaint.

63.     Deny the truth of the allegations contained in paragraph "63" of the Complaint.

64.     Deny the truth of the allegations contained in paragraph "64" of the Complaint.

## THE HSBC ACTION AND EFFORTS TO RESOLVE ISSUES

65.     Deny the truth of the allegations contained in paragraph "65" of the Complaint, except admit that the HSBC Action was commenced and refer the Court to the docket of the HSBC Action in the United States District Court for the Eastern District of New York under case number 10-CV-537.

66.     Deny the truth of the allegations contained in paragraph "66" of the Complaint, except admit that the HSBC Action was removed from the Supreme Court of the State of New York, County of Nassau, to the Eastern District of New York and refer the Court to the docket of the HSBC Action in the United States District Court for the Eastern District of New York under case number 10-CV-537.

67.     Deny the truth of the allegations contained in paragraph "67" of the Complaint, except admit that there has been motion practice in the HSBC Action and refer the Court to the docket of the HSBC Action in the United States District Court for the Eastern District of New York under case number 10-CV-537.

68.     Deny the truth of the allegations contained in paragraph "68" of the Complaint, except admit that the motion to remand filed on behalf of Amy Luria is still pending before the U.S. District Court (Seybert, J.).

69.     With respect to paragraph "69" of the Complaint, Defendants deny the allegations set forth therein and object as settlement discussions are impermissible subjects for a pleading.

70.     Deny the truth of the allegations contained in paragraph "70" of the Complaint.

71.     With respect to paragraph "71" of the Complaint, Defendants neither admit nor deny the allegations contained therein, as the allegations call for a legal conclusion to which no response is necessary.

<u>**COUNT ONE**</u>
<u>**FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a) AND 551**</u>
**(Amy Luria and AL Partners)**

72.     With respect to paragraph "72" of the Complaint, Defendants reiterate each and every response to paragraphs "1" to "71" heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

73.     Deny the truth of the allegations contained in paragraph "73" of the Complaint.

74.     Deny the truth of the allegations contained in paragraph "74" of the Complaint.

75.     Deny the truth of the allegations contained in paragraph "75" of the Complaint.

76.     Deny the truth of the allegations contained in paragraph "76" of the Complaint.

77.     Deny the truth of the allegations contained in paragraph "77" of the Complaint.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a) AND 551
### (Amy Luria and AL Partners)

78.     With respect to paragraph "78" of the Complaint, Defendants reiterate each and every response to paragraphs "1" to "77" heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

79.     Deny the truth of the allegations contained in paragraph "79" of the Complaint.

80.     Deny the truth of the allegations contained in paragraph "80" of the Complaint.

81.     Deny the truth of the allegations contained in paragraph "81" of the Complaint.

82.     Deny the truth of the allegations contained in paragraph "82" of the Complaint.

83.     Deny the truth of the allegations contained in paragraph "83" of the Complaint.

84.     Deny the truth of the allegations contained in paragraph "84" of the Complaint.

85.     Deny the truth of the allegations contained in paragraph "85" of the Complaint.

86.     Deny the truth of the allegations contained in paragraph "86" of the Complaint.

## COUNT THREE
## FRAUDULENT CONVEYANCE – NEW YORK DEBTOR AND CREDITOR LAW
### §§ 276, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551
### (Amy Luria)

87.     With respect to paragraph "87" of the Complaint, Defendants reiterate each and every response to paragraphs "1" to "86" heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

88.     Deny the truth of the allegations contained in paragraph "88" of the Complaint.

89.     Deny the truth of the allegations contained in paragraph "89" of the Complaint.

90.     Deny the truth of the allegations contained in paragraph "90" of the Complaint.

91.     Deny the truth of the allegations contained in paragraph "91" of the Complaint.

## COUNT FOUR
## FRAUDULENT CONVEYANCE – NEW YORK DEBTOR AND CREDITOR LAW
## §§ 273, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551
### (Amy Luria)

92.     With respect to paragraph "92" of the Complaint, Defendants reiterate each and every response to paragraphs "1" to "91" heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

93.     Deny the truth of the allegations contained in paragraph "93" of the Complaint.

94.     Deny the truth of the allegations contained in paragraph "94" of the Complaint.

95.     Deny the truth of the allegations contained in paragraph "95" of the Complaint.

96.     Deny the truth of the allegations contained in paragraph "96" of the Complaint.

97.     Deny the truth of the allegations contained in paragraph "97" of the Complaint.

## COUNT FIVE
## FRAUDULENT CONVEYANCE – NEW YORK DEBTOR AND CREDITOR LAW
## §§ 274, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551
### (Amy Luria)

98.     With respect to paragraph "98" of the Complaint, Defendants reiterate each and every response to paragraphs "1" to "97" heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

99.     Deny the truth of the allegations contained in paragraph "99" of the Complaint.

100.    Deny the truth of the allegations contained in paragraph "100" of the Complaint.

101.    Deny the truth of the allegations contained in paragraph "101" of the Complaint.

102.    Deny the truth of the allegations contained in paragraph "102" of the Complaint.

103.    Deny the truth of the allegations contained in paragraph "103" of the Complaint.

## COUNT SIX
## FRAUDULENT CONVEYANCE – NEW YORK DEBTOR AND CREDITOR LAW
## §§ 275, 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 550(a), AND 551
### (Amy Luria)

104.    With respect to paragraph "104" of the Complaint, Defendants reiterate each and every response to paragraphs "1" to "103" heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

105.    Deny the truth of the allegations contained in paragraph "105" of the Complaint.

106.    Deny the truth of the allegations contained in paragraph "106" of the Complaint.

107.    Deny the truth of the allegations contained in paragraph "107" of the Complaint.

108.    Deny the truth of the allegations contained in paragraph "108" of the Complaint.

109.    Deny the truth of the allegations contained in paragraph "109" of the Complaint.

## COUNT SEVEN
## RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND
## CREDITOR LAW §§ 278 AND/OR 279, AND 11 U.S.C. §§ 544(b), 548(a), 550(a), AND 551
### (Amy Luria)

110.    With respect to paragraph "110" of the Complaint, Defendants reiterate each and every response to paragraphs "1" to "109" heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

111.    Deny the truth of the allegations contained in paragraph "111" of the Complaint.

112.    Deny the truth of the allegations contained in paragraph "112" of the Complaint.

113.    Deny the truth of the allegations contained in paragraph "113" of the Complaint.

114.    Deny the truth of the allegations contained in paragraph "114" of the Complaint.

115.    Deny the truth of the allegations contained in paragraph "115" of the Complaint.

116.    Deny the truth of the allegations contained in paragraph "116" of the Complaint.

## COUNT EIGHT
## OBJECTION TO SIPA CUSTOMER CLAIM
### (AL Partners)

117.    With respect to paragraph "117" of the Complaint, Defendants reiterate each and every response to paragraphs "1" to "116" heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

118.    With respect to the allegations contained in paragraph "118" of the Complaint, admit that prior to the July 2, 2009 bar date, Defendant AL Partners submitted to the Trustee a customer claim form reflecting a claim of $1,485,500.00 with respect to Account Number 1-L0323.

119.    Deny the truth of the allegations contained in paragraph "119" of the Complaint.

120.    Deny the truth of the allegations contained in paragraph "120" of the Complaint.

## COUNT NINE
## OBJECTION TO GENERAL UNSECURED CLAIM
### (AL Partners)

121.    With respect to paragraph "121" of the Complaint, Defendants reiterate each and every response to paragraphs "1" to "120" heretofore made in answer to allegations contained therein, with the same force and effect as if more fully set forth at length herein.

122.    With respect to the allegations contained in paragraph "122" of the Complaint, admit that on or about April 13, 2010, Defendant Amy Luria filed a proof of claim against Bernard Madoff personally in the amount of $1,485,500.00 (Claim No. 39).

123.    Deny the truth of the allegations contained in paragraph "123" of the Complaint.

124.    Deny the truth of the allegations contained in paragraph "124" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

125.    The Trustee's claims fails to state a cognizable cause of action against the Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

126.    The Trustee's claims and causes of action are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

127.    The Trustee's claims and causes of action are barred by the doctrine of "unclean hands."

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

128.    The Trustee's claims and causes of action are barred by the doctrine of waiver and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

129.    The Trustee's claims and causes of action are barred by the doctrine of *in pari delicto*.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

130.    The Trustee's claims and causes of action are barred as the Defendants gave fair consideration for the transfers at issue in the Complaint.

131.    The Defendants acted in good faith, and without any fraudulent intent, at all relevant times when receiving the transfers at issue in the Complaint pursuant to the terms of the G. Luria Will and the Amy Luria Trust.

132.     The Defendants are therefore entitled to retain any and all amounts it received from BLMIS.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

133.    The transfers at issue in the Complaint and any amounts the Defendants received from BLMIS are not avoidable as the Defendants gave reasonably equivalent value to BLMIS for the transfers at issue.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

134.    The transfers at issue in the Complaint and any amounts the Defendants received from BLMIS are not property of the estate as such amounts were held by Madoff as trustee of the Amy Luria Trust and as executor of the G. Luria Estate.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

135.    The transfers at issue in the Complaint and any amounts the Defendants received from BLMIS satisfy an antecedent debt for which the Trustee is not entitled to avoid and recover.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

136.    The transfers at issue in the Complaint and any amounts the Defendants received from BLMIS are settlement payments that the Trustee is not entitled to avoid and recover under Section 546(e) of the Bankruptcy Code.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

137.    The transfers at issue in the Complaint and any amounts the Defendants received from BLMIS are not avoidable by the Trustee as the Defendants received such amounts for value, in good faith, and without knowledge of the voidability of the transfer sought to be avoided.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

138.　　The transfers at issue in the Complaint are not property of BLMIS or Madoff as such amounts were held by Madoff in his capacity as executor of the G. Luria Estate and as Trustee of the Amy Luria Trust.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

139.　　The Trustee is not entitled to recover the transfers at issue in the Complaint from Defendants under Section 550 of the Bankruptcy Code.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

140.　　Any recovery by the Trustee is subject to credits, set-off and/or recoupment.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

141.　　Defendant Amy Luria has a breach of fiduciary duty claim against Madoff personally as Trustee of the Amy Luria Trust for, *inter alia*, failing to act reasonably and in good faith in administering the Amy Luria Trust and against Madoff as executor of the G. Luria Estate for engaging in self-dealing and disregarding his duty of undivided loyalty; failing to exercise reasonable care, diligence and prudence in administering both the G. Luria Estate and the Amy Luria Trust; and failing in his duty to invest and manage both the G. Luria Estate and the Amy Luria Trust in accordance with the Prudent Investor Standard as codified in Section 11-2.3 of the New York Estates Powers and Trusts Law.

142.　　Defendant Amy Luria's breach of fiduciary duty claim against Madoff personally and individually is $1,485,500.00 for the breach of his aforementioned duties as Trustee of the Amy Luria Trust and as a fiduciary of Amy Luria which constitutes a set-off and/or credit and/or recoupment in excess of the claims of the Trustee.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

143.   The Trustee's claims and causes of action are barred by the doctrine of *in pari delicto* and unclean hands.

144.   Madoff, as executor of the G. Luria Estate, was required by law to provide an accounting of the G. Luria Estate and to pay proper estate taxes to the United States and to the State of New York based upon the true value of the assets of the G. Luria Estate.

145.   As executor of the G. Luria Estate, Madoff utilized $17,825,000.00 for the payment of estate taxes in 2006.

146.   The Trustee has asserted that this payment should be charged against the beneficiaries of the G. Luria Estate, including Defendant Amy Luria.

147.   In order to determine how much estate tax was due and owing, Madoff had to value G. Luria's BLMIS Account (# 1-L0057) as if securities had been purchased for the account and as if the stated value of the account was true and correct or risk betraying his fraud in 2006 at the time the estate taxes were due.

148.   If the Trustee's assertions as to the value of the G. Luria BLMIS Account (#1-L0057), the $17,825,000.00 that was paid in estate taxes was paid solely for the benefit of Madoff to disguise his fraud and not for the benefit of the G. Luria Estate or its beneficiaries.

149.   The payment of estate taxes by Madoff as executor of the G. Luria Estate should be set-off against any claim against Defendants.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

150.   Madoff, as Executor of the G. Luria Estate, used the G. Luria Estate Account (#1-L0121) as a pass-through account for the G. Luria Estate where he made deposits of funds from

G. Luria's non-Madoff accounts and subsequently distributed them to G. Luria's beneficiaries, including Defendant Amy Luria.

151. Upon information and belief, Madoff made deposits from non-Madoff accounts of G. Luria and other sources totaling at least $6,000,000.00, the exact amount is currently unknown as Madoff has failed to account for the assets of the G. Luria Estate.

152. These deposits from non-Madoff accounts of G. Luria were used to fund the Amy Luria Trust.

153. The transfers at issue in the Complaint received by Amy Luria through the Amy Luria Trust are not fictitious profits or other customer's money if the money merely passed through the account at BLMIS from legitimate non-Madoff sources.

154. Therefore, Defendant Amy Luria has no liability to the Trustee as she did not receive fictitious profits or other customer's money and received non-Madoff funds.

## AS AND FOR DEFENDANTS' FIRST COUNTERCLAIM AGAINST THE TRUSTEE

155. Prior to the bar date of July 2, 2009, Defendant AL Partners submitted to the Trustee a Customer Claim form (the "Customer Claim") with respect to Account Number 1-L0323 of BLMIS. The Customer Claim reflected a November 30, 2008 account statement balance of $1,485,500.00 with respect to Account Number 1-L0323.

156. Defendant AL Partners is entitled to an allowed claim for the maximum amount under Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq*. ("SIPA") with the balance as a claim against the estate and any remaining proceeds, totaling $1,485,500.00 as stated on its November 30, 2008 Account Statement.

157. Any contrary determination of the Trustee should be overturned.

158. Based upon the foregoing, the Customer Claim must be allowed in its entirety in the amount of $1,485,500.00 as stated on its November 30, 2008 Account Statement, together with interest from November 30, 2008 at the statutory rate.

## AS AND FOR DEFENDANTS' SECOND COUNTERCLAIM
## AGAINST THE TRUSTEE

159. On or about April 13, 2010, Defendant Amy Luria filed a proof of claim against Bernard Madoff personally in the amount of $1,485,500.00 (Claim No. 39).

160. Defendant Amy Luria's Claim (Claim No. 39) is based upon Madoff's breach of his fiduciary duty to Amy Luria for, *inter alia*, failing to act reasonably and in good faith in administering both the G. Luria Estate and the Amy Luria Trust; engaging in self-dealing and disregarding his duty of undivided loyalty; failing to exercise reasonable care, diligence and prudence in administering both the G. Luria Estate and the Amy Luria Trust; and failing in his duty to invest and manage both the G. Luria Estate and the Amy Luria Trust in accordance with the Prudent Investor Standard as codified in Section 11-2.3 of the New York Estates Powers and Trusts Law.

161. Defendant Amy Luria is entitled to an allowed general unsecured claim in the amount of $1,485,500.00 against Madoff personally for the breach of his fiduciary duties.

162. Based upon the foregoing, Defendant Amy Luria's general unsecured claim (Claim Number 39) must be allowed in its entirety in the amount of $1,485,500.00 as filed.

## DEMAND FOR JURY TRIAL

163. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding pursuant to Rule 9015 of the Federal Rules of Bankruptcy Procedure, the Defendants request a trial by jury as to all issues so triable.

**WHEREFORE,** the Defendants respectfully requests (i) a judgment in their favor dismissing the Complaint; (ii) a judgment on their First Counterclaim allowing the Customer Claim of Defendant AL Partners in the amount as stated on its November 30, 2008 account statement from Bernard L. Madoff Investment Securities LLC, together with interest from November 30, 2008 at the statutory rate; (iii) a judgment on their Second Counterclaim allowing the general unsecured claim of Defendant Amy Luria against Bernard Madoff personally in the amount of $1,485,500.00; and (iv) together with such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
      August 27, 2010

JASPAN SCHLESINGER LLP
*Attorneys for Amy J. Luria and*
*Amy Luria Partners LLC*


By:    /s/ Steven R. Schlesinger
      STEVEN R. SCHLESINGER
      300 Garden City Plaza
      Garden City, New York 11530
      (516) 746-8000

To:    David J. Sheehan, Esq.
       Marc E. Hirschfield, Esq.
       Keith R. Murphy, Esq.
       Baker & Hostetler LLP
       *Attorneys for Irving H. Picard, Trustee*
       *for the Substantively Consolidated SIPA*
       *Liquidation of Bernard L. Madoff Investment*
       *Securities LLC and Bernard L. Madoff*
       45 Rockefeller Plaza
       New York, New York 10111
       (212) 589-4200